In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3678

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALAN H. GOLD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 CR 330 — **Elaine E. Bucklo**, *Judge.*

ARGUED APRIL 19, 2017 — DECIDED APRIL 27, 2017

Before BAUER, POSNER, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was indicted for
wire fraud, 18 U.S.C. § 1343, and pleaded guilty. The presen-
tence investigation report prepared by the Probation Office
stated that his guideline prison-sentence range was 70 to 87
months, a range based on the report's estimation that the
loss to the victims of the fraud had slightly exceeded $1.8
million. The district judge sentenced the defendant to 75
months in prison, to three years of supervised release, and to

pay restitution to the victims of his fraud. On appeal the defendant argues that the financial loss he caused was closer to $1 million, which would have put him in a lower guidelines range, see U.S.S.G. § 2B1.1(b)(1), and that the district judge should have considered giving him a shorter prison sentence than 75 months for the additional reason that shaving time off the term would give him more time to earn the money he would need in order to be able to make restitution to his victims.

Briefly by way of background: after having been dismissed from an investment firm the defendant had launched a finance company in Wilmette, Illinois that he called Alan Gold & Associates. The company provided investment advice to its clients and also purported to invest clients' money, but the defendant pocketed much of that money, some to pay his gambling debts. He told his clients that their portfolios were healthy—as proof he showed them false reports and false stock certificates. But six elderly victims of the defendant's scheme—he had preyed mainly on the elderly— testified at the sentencing hearing to their losses and losses by their family members of money invested with Alan Gold & Associates. The testimony of these witnesses was both harrowing and uncontradicted.

The defendant objected that the Probation Office's estimate of the losses he had caused was too high, but like the codefendant named Brown in *United States v. Love*, 680 F.3d 994, 999 (7th Cir. 2012)—who we pointed out had presented "no evidence that the information contained and summarized in the [government's] charts is unreliable or erroneous" even though "Brown's counsel had sufficient time and opportunity to fully review all of the information used to

prepare the [government's] summary charts and has not identified any inaccuracies or errors"—Gold provided no evidence, documentary or otherwise, to support his challenge to the government's estimate of the victims' losses. It's true that the government's documentary evidence consisted only of its own spreadsheet. But the spreadsheet was based on financial data, for each of the fourteen victims, taken from the defendant's own bank-account records. The calculation of losses was a simple one (money in, money out), and the defendant pointed to no errors in the government's estimate.

Four of the six victim witnesses testified at the sentencing hearing to the amounts lost by them and their families, amounting to more than $1.35 million. Gold said he believed that "the loss is less than as stated by the government," but he didn't say how much less, though in written objections to the government's calculations he said the loss amount was around $1 million. Yet he failed to present any *evidence* that might have supported a lower estimate of his victims' losses than the government's or the victims' estimates. As we said in *United States v. Mustread*, 42 F.3d 1097, 1102 (7th Cir. 1994), "a defendant cannot [be permitted to] show that a PSR [presentence investigation report] is inaccurate by simply denying the PSR's truth. Instead, beyond such a 'bare denial,' he must produce some evidence that 'calls the reliability or correctness of the alleged facts into question.'"

The defendant's principal argument was and is that his prison sentence should have been substantially shorter than 75 months in order to give him time after his release to find employment that would enable him to make good the restitution he was ordered to pay to his victims. The district judge gave no weight to this argument, and was right not to

do so. Even if Gold were given no prison sentence, he would be unable to provide substantial restitution to the victims of his fraud, given that he was already bordering on elderly (he is 60 years old), had never graduated from college, lacked full-time employment (earning only $250 a month—walking neighbors' dogs), and had a negative net worth. No way, given his conviction, that, even if not imprisoned, he'd able to repay his victims the $1.8 million that he owes them, or even a significant fraction of that amount.

As there is no merit to the appeal, the judgment of the district court is affirmed.